**DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

SHENZHEN AOLAIBAO ELECTRONICS CO., LTD.,

                Plaintiff,

      vs.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT

                Defendants.

------------------------------------------------------------X

Case No. 24cv01973

**COMPLAINT**

    Plaintiff SHENZHEN AOLAIBAO ELECTRONICS CO., LTD., hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A attached hereto (collectively, "Defendants"):

**INTRODUCTION**

    1. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's "TAIAOJING" trademark, which is covered by U.S. Trademark Registration No.7092388 (the "TAIAOJING Trademark", which is valid, existing, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the TAIAOJING Trademark is attached hereto as Exhibit 1.

2. Defendants are improperly advertising, marketing and/or selling unauthorized and illegal products (the "Counterfeit Products") embodying Plaintiff's TAIAOJING Trademark, or by reference to an identical or substantially identical name and mark as the TAIAOJING Trademark, which causes further confusion and deception in the marketplace.

3. The Defendants have created numerous fully interactive commercial internet e-commerce stores operating under the online marketplace accounts and using the account names identified in Schedule A attached hereto (the "Defendant Marketplace Accounts" or "Defendant Internet Stores").

4. The Defendants design the online marketplace accounts to appear to be selling Plaintiff's genuine TAIAOJING products (the "TAIAOJING Products"), while selling inferior imitations of such products.

5. The Defendants' online marketplace accounts also share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

6. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of the TAIAOJING Trademark as well as to protect unknowing consumers from purchasing Counterfeit Products.

7. As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and garnishment of its valuable trademark, goodwill and, therefore, seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in New York and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in New York and in this Judicial District.

9. In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

10. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

11. This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arises under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. Personal jurisdiction exists over Defendants in this Judicial District pursuant to C.P.L.R. § 302(a)(1) and C.P.L.R. § 302(a)(3), or in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this Judicial District, and/or derive substantial revenue from business transactions in New York and in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this

Judicial District such that Defendants should reasonably expect such actions to have consequences in New York and this judicial District, for example:

      a. Defendants' Merchant Storefronts accept orders of Counterfeit Products from and offer shipping to New York addresses located in this Judicial District. Screenshots of order confirmations from the purchase of Counterfeit Products from Defendant Internet Stores attached hereto as Exhibit 2. See also screenshots of the shopping cart from Defendant Internet Stores allowing Infringing Products to be shipped to 99 Park Avenue Rm. 1100 New York, NY 10016-1356 are attached hereto as Exhibit 3.

      b. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in New York, in this Judicial District, through accounts with online marketplace platforms such as Amazon, AliExpress, and eBay (collectively, the "Marketplace Platforms") as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Account(s)"), through which consumers in the U.S., including New York (and more particularly, in this Judicial District), can view the one or more of Defendants' online marketplace accounts that each Defendant operates ("Defendants' Merchant Storefronts"), uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined infra) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York (and more particularly, in this Judicial District), as a means for establishing regular business with the U.S., including New York (and more particularly, in this Judicial District).

c. Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York (and more particularly, in this Judicial District), for the sale and shipment of Counterfeit Products.

d.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of trademark infringement in this Judicial District, do substantial business in the Judicial District, have registered agents in this Judicial District, and reside or may be found in this district.

## THE PARTIES

13. Plaintiff SHENZHEN AOLAIBAO ELECTRONICS CO., LTD ("TAIAOJING Inc.") is a corporation incorporated under the laws of China and is the registered owner of the TAIAOJING Trademark referred to above.

14. Plaintiff is a leading clothing manufacturer and distributor, and has earned an international reputation for quality, reliability, and value.

15. Since at least 2022, the TAIAOJING Trademark is and has been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the TAIAOJING Trademark in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the TAIAOJING Products' ecommerce stores, and point of sale materials.

16. The TAIAOJING Trademark is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the TAIAOJING Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use that trademark pursuant to 15 U.S.C. § 1057(b).

18. The TAIAOJING Trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125 (c)(1) and has been continuously used and never abandoned.

19. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TAIAOJING Trademark. As a result, products bearing the TAIAOJING Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

20. Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions.

21. Defendants are merchants on the Marketplace Platforms, which upon information and belief, are owned by Amazon.com, Inc. ("Amazon"), a Washington corporation with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109;

## DEFENDANTS' UNLAWFUL CONDUCT

22. The success of the TAIAOJING Products has resulted in significant counterfeiting.

23. Plaintiff has identified numerous domain names linked to Amazon which were offering for sale, selling, and importing counterfeit TAIAOJING Products to consumers in this Judicial District and throughout the United States.

24. Defendants have persisted in creating such online marketplaces and internet stores, like the Defendants' Merchant Storefronts. In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the

Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

25. On personal knowledge and belief, Defendants facilitate sales by designing the Defendants' Merchant Storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine TAIAOJING Products.

26. Many of the Defendants' Merchant Storefronts look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendants' Merchant Storefronts often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

27. Plaintiff has not licensed or authorized Defendants to use the TAIAOJING Trademark and none of the Defendants are authorized retailers of genuine TAIAOJING Products.

28. On personal knowledge and belief, Defendants deceive unknowing consumers by using the TAIAOJING Trademark without authorization within the product descriptions of their Defendant Internet Stores to attract customers, as well as embodied by the counterfeit products themselves.

29. On personal knowledge and belief, Defendants also deceive unknowing consumers by using the TAIAOJING Trademark without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for TAIAOJING Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine TAIAOJING Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top

of search results after others are shut down. As such, Plaintiff also seeks to disable Defendant Marketplace Accounts owned by Defendants that are the means by which the Defendants could continue to sell counterfeit TAIAOJING Products into this District.

30. On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

31. For example, it is common practice for counterfeiters to register their domain names and/or User Accounts with incomplete information, randomly typed letters, or omitted cities or states.

32. Many Defendant Marketplace Accounts use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses.

33. On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendants' Merchant Storefronts. For example, some of the Defendant marketplace websites have virtually identical layouts, even though different aliases were used to register the respective domain names.

34. In addition, the Counterfeit Products for sale in the Defendants' Merchant Storefronts bear similarities and indicia of being related to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

35. The Defendants' Merchant Storefronts also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics,

HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

36. In addition, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[1]

37. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2]

38. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

39. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

40. On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumersabout- counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited April 9, 2021).

[2] While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited April 9, 2021).

jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

41. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the TAIAOJING Trademark in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and New York over the Internet.

42. Each Defendant Internet Store offers shipping to the United States, including New York (in this Judicial District) and, on information and belief, each Defendant has offered to sell counterfeit TAIAOJING products into the United States, including New York (in this Judicial District), which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## FIRST COUNT
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)
### [Against Defendants Designated in Schedule A]

43. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-42 of this Complaint.

44. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered TAIAOJING Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TAIAOJING Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the TAIAOJING Trademark.

45. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the TAIAOJING Trademark without Plaintiff's permission.

46. Plaintiff is the registered owner of the TAIAOJING Trademark and official source of TAIAOJING Products. The United States Registration for the TAIAOJING Trademark (Exhibit 1) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the TAIAOJING Trademark and are willfully infringing and intentionally using counterfeits of the TAIAOJING Trademark. Defendants' willful, intentional, and unauthorized use of the TAIAOJING Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

47. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

48. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit TAIAOJING products.

49. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TAIAOJING Trademark.

### SECOND COUNT
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### [Against Defendants Designated in Schedule A]

50. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-49 of this Complaint.

51. Defendants' promotion, marketing, offering for sale, and sale of counterfeit TAIAOJING products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit TAIAOJING products by Plaintiff.

52. By using the TAIAOJING Trademark in connection with the sale of counterfeit TAIAOJING products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit TAIAOJING products.

53. Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit TAIAOJING products to the general public under 15 U.S.C. §§ 1114, 1125.

54. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**THIRD COUNT**
**UNFAIR COMPETITION**
**(New York Common Law)**
**[Against Defendants Designated in Schedule A]**

55. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-54 of this Complaint.

56. Plaintiffs have not licensed or authorized Defendants to use the TAIAOJING Trademark, and none of the Defendants are authorized retailers of genuine TAIAOJING Products.

57. Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' TAIAOJING Trademark.

58. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin,

sponsorship, or approval of Defendants' Counterfeit products by Plaintiff.

59. Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of counterfeit TAIAOJING products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

60. In fact, Defendants have fraudulently represented by their statements and actions that the Counterfeit Products are Plaintiffs' products including, for example, by: (i) using SEO tactics and social media to misdirect customers seeking TAIAOJING Products to Defendants' online marketplace accounts; (ii) using deceptive advertising practices within the text and metadata of the online marketplace accounts; and (iii) taking other steps to deceive and confuse the consuming public.

61. On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names and addresses to register and operate their illegal counterfeiting operations and Defendant Internet Stores.

62. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using Plaintiff's TAIAOJING Trademark and TAIAOJING Works or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TAIAOJING product or not authorized by Plaintiff to be sold in connection with Plaintiff's TAIAOJING Trademark and Works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TAIAOJING product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's TAIAOJING Trademark and TAIAOJING Works;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's TAIAOJING Trademark and TAIAOJING Works, and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's TAIAOJING Trademark and TAIAOJING Works or any reproductions, counterfeit copies or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit TAIAOJING Products; and

h. operating and/or hosting Defendant Online Stores and any other Online Stores registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's TAIAOJING Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine TAIAOJING product or not authorized by Plaintiff to be sold in connection with Plaintiff's TAIAOJING Trademark and TAIAOJING Works.

2. The entry of an Order that Amazon, AliExpress, eBay, and any other online marketplace account providers:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Products, including any accounts associated with the Defendants listed on Schedule A to the;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

c. take all steps necessary to prevent links to the Defendant Marketplace Accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Marketplace Accounts from any search index.

3. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the TAIAOJING Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

4. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the TAIAOJING;

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6. Award any and all other relief that this Court deems just and proper.

Dated: March 18, 2024

Respectfully submitted,

                        Respectfully submitted,

                        */s/ Julie Guo*

JULIE GUO

JS Law
200 East 36th Street, 16th Floor
New York, New York 10016
jslawusa@gmail.com
(917) 773-1868

Anthony Robinson *[Pro Hac Vice Motion and Affidavit filed together with this Complaint]*
BICO Legal and Compliance Consulting, LLC
1001 Brickell Bay Drive, Suite 2700
Miami, FL 33131
Info@bicolegalcompliance.com
(786) 420-7217

**EXHIBIT 1**
**Provisionally Filed Underseal**

Federal Trademark Registration Certificate

TAIAOJING

## **EXHIBIT 2**
## **Provisionally Filed Underseal**

Screenshots of the shopping carts from Defendant Internet Stores
Allowing Infringing Products

**EXHIBIT 3**
**Provisionally Filed Underseal**

Order Confirmations from the Purchase of Counterfeit Products
from Defendant Internet Stores